IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT ESTES and BECKY L.
ESTES,

                        Plaintiff,

TRAVELERS HOME & MARINE
INSURANCE COMPANY,

                    Subrogated Plaintiff,             OPINION AND ORDER

    v.

                                                        13-cv-22-wmc

RAZOR USA, LLC,

                    Defendant.

---

In this civil action premised on this court's diversity jurisdiction, plaintiffs Robert and Becky Estes and subrogated plaintiff Travelers Home & Marine Insurance Company bring state law claims against defendant Razor USA, LLC for recovery of damages due to a fire allegedly caused by a malfunction of the battery charger of an electric scooter designed, manufactured and sold by Razor. Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiffs will be given an opportunity to file an amended complaint containing the necessary allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).

1

Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs contend that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 4.) But for the latter to be true there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," plaintiffs not alleged sufficient information to determine whether complete diversity exists here as to the LLC defendant. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Instead, plaintiffs allege defendant "Razor USA, LLC is a California corporation with its principal place of business at 16200 Carmenta Road #A, Cerritos, CA 90703-2255 and a registered agent of CT Corporation System." (Compl. (dkt. #1) ¶ 3.) The Seventh Circuit had advised repeatedly that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *See, e.g., Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given *14 days* to file an amended complaint establishing subject matter jurisdiction by alleging the names and citizenship of each member of Razor USA, LLC.  In alleging each LLC's citizenship, plaintiff should keep in mind that if the member or members of LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged:  "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1) Plaintiffs shall have until **May 2, 2013**, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) **failure to amend timely shall result in prompt dismissal for lack of subject matter jurisdiction**.

Entered this 18th day of April, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge